[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 11, 1999, a hearing was held on the plaintiffs (wife) motion to hold the defendant (husband) in contempt. She CT Page 13939 alleges that he failed to pay a cost of living allowance over the past sixteen years which cumulatively amounts to $86,679, together with 8 percent interest, for a total debt of $117,848.
The court heard conflicting testimony from the experts, Ms. Gail O'Sullivan, for the wife, and Mr. Frank S. Caracansi, for the husband, both experienced certified public accountants.
Some of the background facts are not in dispute. The judgment dissolving this marriage was entered on April 24, 1980, over nineteen years ago. A separation agreement was signed by the parties on that date, and the court incorporated it into the judgment. The agreement provided for the husband to pay the wife periodic unallocated alimony of $26,000 a year payable at $2166.66 each month for the first two years; $17,500 a year payable $1458.33 a month for the next eight years; and $15,000 a year payable at $1250 each month until her death or remarriage. The wife conceded that the husband has paid the periodic alimony each month for the past nineteen years.
The dispositive issue in this case is the interpretation of a cost of living allowance in favor of the wife based on any increases in the Consumer Price Index (C.P.I.) as of January, 1982. The language for any increases in the C.P.I. is set forth in Article II Alimony, subparagraph (a) and (b) of the April 24, 1980 agreement as follows:
 (a) The Consumer Price Index figure applicable to January 1982 shall be the basis for further increases. On the second day of February 1983 and on the same day of each year thereafter, an evaluation of the cost of living for the preceding calendar year shall be made and an average figure of the twelve months of the preceding calendar year for the Consumer Price Index shall be taken.
 (b) If the cost of living so computed shall be different from the present cost of living, then all moneys paid by the Husband to the Wife for alimony and support during the preceding calendar year shall be adjusted in exact proportion as the cost of living figure of the preceding year is to be the newly established figure. Any moneys computed to be due in accordance with the above formula shall be paid by the Husband to the Wife in twelve monthly payments for the next calendar year. CT Page 13940
The wife's accountant testified she believed the C.P.I. should be computed cumulatively over the past sixteen and one half years concluding that the husband would owe the wife $86,679, and with 8 percent interest, a total debt of $117,848. By her computation, the husband would owe her $26,830.31 in 1998, more than his alimony obligation in 1980. In short, at age sixty-nine, he would owe her more than he did at age fifty, which is not a logical and reasonable interpretation of the language in the agreement. (Plaintiff's Exhibit 5.)
The husband's accountant testified that he believed the wife should receive a credit for any year the C.P.I. increased and a debit in any year it decreased. He computed both the increases and decreases in the C.P.I. from February, 1983, to June 30, 1999, whereby the wife would owe the husband $14,518. (Defendant's Exhibit B.)
The court is unpersuaded by the interpretation of this agreement by either accountant.
The husband is presently working as a partner in a private law firm in Danbury. He is on medication for heart disease and is planning to retire in the near future. The court finds his testimony that the cost of living allowance was intended to apply to any increases in the C.P.I. was credible and logical.
 [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms.
Issler v. Issler, 250 Conn. 226, 235 (CLJ August 17, 1999).
From all the testimony and the exhibits introduced, the court finds the agreement clear and unambiguous. The husband owes the wife $7416.75, the increases in the cost of living for the past sixteen and one-half years. (See Defendant's Exhibit B — Total Increases and Cost of Living, Col. 6, 1983 to June 30, 1999.)
The court orders the husband to pay the $7416.75 within the CT Page 13941 next thirty (30) days.
The husband remains liable to continue his periodic monthly alimony payments of $1250, together with any increase in the cost of living allowance based on the Consumer Price Index for each year until the wife dies or remarries.
The court further finds the husband to be in good faith by paying his monthly alimony obligation for the past nineteen years; therefore, the court will not assess any interest on the $7416.75 owed the wife.
Accordingly, the wife's motion for contempt is denied in that the court finds no wilful violation of a court order by the husband.
Romeo G. Petroni Judge Trial Referee